UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JEANNETTE BONDS                              CIVIL ACTION

VERSUS                                       NO: 06-7830

AYJAUN PADLOCK, ET AL                        SECTION: J(5)

                           **ORDER AND REASONS**

Before the Court is Defendants GEICO Casualty Insurance Company ("GEICO") and Ayjaun Tadlock's ("Tadlock") **Rule 56 Motion for Summary Judgment (Rec Doc. 56)**. This motion, which is opposed, was set for hearing on April 16, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' motion should be denied.

                          **Background Facts**

This matter arises out of an automobile accident in which Tadlock, who stopped in a merge lane to yield to oncoming traffic, was rear-ended by co-defendant Josephine Trask. Plaintiff Jeanette Bonds was a passenger in the Tadlock vehicle. Bonds has alleged negligence on the part of both Tadlock and Trask in causing the accident at issue.

## The Parties' Arguments

GEICO and Tadlock argue that in accordance with La. R.S. 32:81, the following motorist in a rear-end collision is presumed to have breached the duty not to follow another vehicle more closely than is reasonable and prudent, and is presumed negligent.  GEICO and Tadlock submit that this presumption may be rebutted, but argue that Trask has failed to so rebut.  As such, Trask is presumed negligent.  Furthermore, there is no evidence, according to GEICO and Tadlock, that supports a finding of any negligence against Tadlock.  Therefore, GEICO and Tadlock argue that summary judgment is proper as to the negligence of Trask and the non-negligence of Tadlock.

In opposition, both Bonds and Trask point to a disputed issue of fact, namely, the circumstances surrounding Tadlock's stopping of her vehicle.  Trask had testified that the Tadlock vehicle stopped "too quickly" and that was a least partially the reason that Trask hit her from behind.  Tadlock, however, disagrees and says that she did not stop too quickly.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477

2

U.S. 317, 323 (1986).  If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

Because this Court finds that it is a disputed fact whether or not Tadlock stopped "too quickly" or "suddenly" for the traffic conditions existing at the time, summary judgment is precluded.  Such a finding is necessary to properly allocate fault in this matter so as to avoid a mechanical application of the rear-end collision presumption.  Accordingly,

**IT IS ORDERED** that GEICO and Tadlock's **Rule 56 Motion for Summary Judgment (Rec Doc. 56)** is hereby **DENIED.**

New Orleans, Louisiana, this 29th day of May, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

3