```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JEANNETTE BONDS                              CIVIL ACTION

VERSUS                                       NO: 06-7830

AYJAUN PADLOCK, ET AL                        SECTION: J(5)
```

## ORDER & REASONS

Before the Court is Plaintiff Jeannette Bonds's ("Bonds") **Motion in Limine to Exclude the Entirety of the Deposition Testimony of Defendant's Witness Matthew Kulick, D.O., or, in the Alternative, Certain Portions of the Deposition of Defendant's Witness Matthew Kulick, D.O.** (Rec. Doc. 96). This motion was filed after the October 16, 2008 deadline for motions in limine regarding the admissibility of expert testimony (See Rec. Doc. 82). However, the Court granted Bonds's motion for leave to file the instant motion in limine, setting the motion for hearing on October 29, 2008 (Rec. Doc. 95). Defendants did not file a proper opposition to the instant motion in limine, but included an opposition to the substance of this motion in their **Memorandum in Opposition** to Bonds's motion for leave (Rec. Doc. 94). Thus, the Court will consider Defendants' opposition to Bonds's motion for leave as their opposition to the present motion.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

This matter arises out of an automobile accident in August,

2005, in which Tadlock[1], who stopped in a merge lane to yield to oncoming traffic, was rear-ended by co-defendant Josephine Trask. Plaintiff Jeanette Bonds was a passenger in the Tadlock vehicle. Bonds has alleged negligence on the part of both Tadlock and Trask in causing the accident at issue.

Bonds seeks to exclude the deposition testimony of Defendants' witness Matthew Kulick, D.O. ("Kulick"). Kulick treated Bonds for injuries she sustained in an August, 2002 rear-end car accident. The injuries and symptoms Bonds experienced in the 2002 accident were similar to those she claims as a result of the 2005 accident at issue in this case. Kulick's testimony, therefore, would relate to the extent if any that the 2005 accident aggravated Bonds's earlier injuries from the 2002 accident.

## THE PARTIES ARGUMENTS

Bonds first argues that Kulick's deposition testimony is irrelevant and inadmissible under Federal Rules of Evidence 401 and 402. Specifically, Bonds argues that Kulick's testimony about injuries arising from a completely separate accident than the one at issue in this case is irrelevant because Kulick has not treated Bonds since 2003, and because any of his testimony regarding Bonds's prior condition will be redundant with the

---

[1] Defendant was improperly referred to as "Padlock" in the initial filings, but his name is actually "Tadlock."

testimony of Bonds's treating physician for this case, Dr. Lerner.

Next, and in the alternative, Bonds argues that Kulick's testimony should be excluded under Federal Rule of Evidence 403 because its probative value is outweighed by the risk of prejudice, it will confuse the issues and mislead the jury, and it would be needlessly cumulative.  First, Bonds argues that Kulick's opinions are based in part on his colleague's treatment of Bonds in 2002, and thus would only confuse the jury and possibly prejudice Bonds because the opinion would not be based on personal knowledge.  Further, Bonds claims that Kulick's testimony would confuse the jury, since it would consist of opinions regarding similar injuries incurred in a similar accident two years earlier, and since Dr. Lerner will himself testify about those older injuries in the context of her treatment after the more recent accident.  Essentially, Bonds argues the Kulick's testimony is unnecessary and cumulative in the face of Dr. Lerner's more recently based testimony on the same facts.

Finally, and again in the alternative, Bonds argues that Kulick's testimony regarding the possibility of malingering by Bonds based on her description of pain versus the clinical data on her conditions should be excluded under Federal Rule of Evidence 702 and the <u>Daubert</u> test.  Specifically, Bonds argues

3

that any opinion by Kulick about malingering would require him to be an expert in psychological or psychiatric medicine. However, Kulick is simply a family practitioner. Furthermore, Bonds alleges that Kulick's malingering opinion is based solely on the records of his colleague and not on any tests or procedures to confirm his diagnosis.

In opposition, Defendants' first assert that Bonds's motion is inappropriate because she did not object at any time to Kulick's testimony during the deposition. Defendants argue that Bonds's failure to contemporaneously object at the deposition prejudiced Defendants' ability to cure any alleged defects in the deposition testimony.

In addition, Defendants argue that Kulick's testimony regarding Bonds's injuries, symptoms, and treatment arising from the 2002 accident are vitally important to the jury's determination as to whether the 2005 accident aggravated those injuries. As such, Defendants argue that Kulick's testimony will not confuse the jury.

Finally, as to Bonds's arguments under <u>Daubert</u> regarding Kulick's malingering testimony, Defendants assert that Kulick's expertise as a board certified family physician more than qualifies him to offer opinions on the issue of whether his patient's complaints track the clinical data of her condition.

**DISCUSSION**

Initially, it should be noted that Defendants' argument that Bonds waived her right to seek exclusion of Kulick's testimony on relevancy grounds by her failure to object to relevancy during the deposition is unavailing. Federal Rule of Civil Procedure 32(d)(3)(A) provides that "[a]n objection to a deponent's competence--or to the competence, relevance, or materiality of testimony--is not waived by a failure to make the objection before or during the deposition, unless the ground for it might have been corrected at that time." Fed. R. Civ. Proc. 32(d)(3)(A) (2008). Under Rule 32, a district court has discretion to exclude or admit deposition testimony regardless of the existence vel non of contemporaneous objections at the deposition. See Harris v. Canulette, 1994 WL 148940, *4 (E.D. La. 1994). As such, the lack of contemporaneous objection should not bar Bonds's present motion.

**A. Bonds's Arguments under FRE 402 and 403**

Federal Rule of Evidence 402 provides succinctly that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Nonetheless, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury" or if its admission would result in "needless presentation

5

of cumulative evidence." Fed. R. Evid. 403. Assessing probative value of proffered evidence and weighing any factors counseling against admissibility, such as danger of unfair prejudice, is matter first for the district court's sound judgment. Sprint/United Management Co. v. Mendelsohn,128 S.Ct. 1140, 1144-45 (2008).

    Bonds's motion for exclusion of Kulick's testimony regarding her treatment after the 2002 accident should be denied under Rules 402 and 403. The diagnosis, treatment, and symptoms of Bonds's injuries in the 2002 accident are directly relevant to the issue in this case of whether those earlier injuries preexisting conditions that were aggravated by the 2005 accident. While Bonds argues that Dr. Lerner's testimony regarding those earlier injuries will be sufficient and will render Kulick's testimony cumulative, it was Kulick, not Lerner, who actually treated Bonds for the 2002 accident injuries. Thus Kulick's testimony is more relevant to the existence and extent of the earlier injuries, and will not merely duplicate Lerner's testimony. In fact, Kulick's factual testimony regarding Bonds's earlier injuries may usefully supplement Lerner's testimony in that it will give the history of Bonds's earlier injuries. Finally, precedent abounds for the proposition that testimony of a treating physician concerning treatment of a previous injury is relevant and non-prejudicial in the context of claims arising out

of subsequent and similar injuries.  See, e.g., Horridge v. Keystone Lines, 2008 WL 4514313, *4 (S.D. Miss 2008) ("Information regarding prior injuries to Plaintiffs may be relevant and admissible if related to the injuries Plaintiffs are claiming in this case."); Keith v. United States, 2001 WL 649768, *1 (E.D. La. 2001) (noting with respect to challenges to exhibits concerning plaintiff's past injuries that "[t]he nature and extent of plaintiff's alleged injuries are of paramount importance in this action."); Gongora v. Snay, 626 So.2d 759, 762 (La. App. 5 Cir.1993) (holding in the context of the parallel Louisiana rules governing relevancy and prejudice that "plaintiffs had injuries to their backs and necks, as were their complaints here, caused by other accidents. This information is relevant to the issues of causation and damages.").  Thus Bonds's motion under Rules 402 and 403 should be denied.

    **B.   Bonds's Arguments under FRE 702 and Daubert**

Federal Rule of Evidence 702 governs the testimony of scientific experts and requires that "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.  Under the Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579

(1993), a scientific expert's opinion must "assist the trier of fact to understand or determine a fact in issue." Id. at 592. Courts should consider scientific expert testimony in light of factors that help determine the reliability of that testimony. Id. at 589.  In this reliability analysis, courts may rely on factors such as those suggested by the Daubert court: "whether the theory or technique the expert employs is generally accepted; whether the theory has been subjected to peer review and publication; whether the theory can and has been tested; whether the known or potential rate of error is acceptable; and whether there are standards controlling the technique's operation." Broussard v. State Farm Fire and Cas. Co., 523 F.3d 618, 630 (5th Cir. 2008).  Nonetheless, "[d]istrict courts enjoy wide latitude in determining the admissibility of expert testimony."  Watkins v. Telsmith, Inc., 121 F.3d 984, 988 (5th Cir.1997). Furthermore, "Daubert  makes clear that the factors it mentions do *not* constitute a 'definitive checklist or test.' " Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999) (emphasis in original). In fact, "the Supreme Court has held that a trial judge has considerable leeway in determining *how* to test an expert's reliability." Id. at 152 (emphasis in original).

　　　To the extent that Bonds questions the reliability of Kulick's opinion based on his reliance on a colleague's report, "doctors customarily rely upon third party reports from other

experts such as pathologists and radiologists in whom the testifying expert places his trust."  Bryan v. John Bean Div. of FMC Corp., 566 F.2d 541, 546 (5th Cir. 1978) (citing Fed. R. Evid. 703 & Advisory Committee Note). As such, Bonds's argument on this ground fails.

Based on Rule 702 and Daubert, Bonds's motion in limine seeking exclusion of Kulick's testimony regarding her alleged malingering during her treatment for the 2002 accident should be denied.  First, Kulick's qualifications as a general family physician are not disputed by the parties, and thus no Daubert inquiry is necessary insofar as those qualifications are concerned.  Psychiatric or psychological expertise is not necessary to qualify a physician to render an opinion on the issue of malingering as it relates to that physician's treatment and diagnosis of his patient's physical symptoms.  See, e.g., Scaggs v. Consolidated Rail Corp., 6 F.3d 1290, 1292 (7th Cir. 1993) (noting that orthopedic surgeon's opinion regarding plaintiff's malingering was appropriate based on physician's finding that "[plaintiff's] complaints of pain were not in keeping with the physical evidence demonstrated by the tests").  As such, Dr. Kulick's opinion regarding Bonds's alleged malingering regarding her injuries from the 2002 accident is not unreliable, and should not be excluded on that ground.

However, Kulick's testimony regarding the alleged

9

malingering after the 2002 accident should be excluded as irrelevant. Whether or not Bonds engaged in malingering with respect to her injuries from the 2002 accident has no bearing whatsoever on the nature and extent of her injuries incurred in the 2005 accident. As such, Kulick's deposition testimony suggesting that Bonds malingered as to her injuries from the 2002 accident should be excluded under Rule 402 because it is not relevant to any fact in issue in the present case. In addition, to the extent that Kulick's malingering testimony is at all relevant to Bonds's claims in the instant matter, that testimony should nonetheless be excluded under Rule 403 because any marginal relevancy would be substantially outweighed by the danger of unfair prejudice and confusion of the issues. Accordingly,

**IT IS ORDERED** that Bonds's **Motion in Limine to Exclude the Entirety of the Deposition Testimony of Defendant's Witness Matthew Kulick, D.O., or, in the Alternative, Certain Portions of the Deposition of Defendant's Witness Matthew Kulick, D.O.** (Rec. Doc. 96) is hereby **DENIED** insofar as it seeks to exclude Kulick's deposition testimony regarding his diagnosis and treatment of injuries sustained by Bonds in the 2002 accident.

**IT IS FURTHER ORDERED** that Bonds's motion is **GRANTED** insofar as it seeks to exclude Kulick's testimony regarding her alleged malingering during her treatment after the 2002 accident. Any

deposition testimony by Kulick concerning the alleged malingering is hereby excluded and will not be admitted into evidence in the trial of this matter.

New Orleans, Louisiana, this 5th day of November, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE